# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
SHAWN DOUGLAS ZERBE :
 : CASE NO. 1:23-bk-01439
 :
CRESSON JANE ZERBE :
 :

     **Debtors**

## MOTION TO MODIFY PLAN

COME NOW the Debtors, by and through Kara K. Gendron, Esquire, and move to amend the Chapter 13 Plan, respectfully stating in support thereof as follows:

1. The Debtors filed a Chapter 13 Bankruptcy Petition on June 27, 2023.

2. The Debtors' vehicle was totalled, they seek to amend the plan accordingly, and pay attorney fees through the amended plan.

WHEREFORE, the Debtors move to modify the plan as provided in the Amended Plan.

Respectfully submitted,

/s/ Kara K. Gendron

_____
Kara K. Gendron, Esquire
Attorney ID #: 87577
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                 :     **CHAPTER 13**
SHAWN DOUGLAS ZERBE     :

                             :     **CASE NO. 1:23-bk-01439**

                             :

CRESSON JANE ZERBE      :

                             :

     **Debtor(s)**

## ORDER

UPON CONSIDERATION of the Motion to Modify Plan, and cause appearing therefore, it is hereby

ORDERED AND DECREED that the Debtors are granted leave to Modify the Chapter 13 Plan and the Plan is hereby modified.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Shawn Douglas Zerbe | Chapter:13 |
| Cresson Jane Zerbe | Case number:1:23-bk-01439 |
| Debtor(s) | Matter: POST-CONFIRMATION AMENDED PLAN |

## Notice

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING:  Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection or other matter without further notice or hearing unless a party in interest files an objection/response within twenty-one (21) days of the date of the notice.  If you object to the relief requested, you must file your objection/response with the Clerk, United States Bankruptcy Court, The Sylvia H. Rambo US Courthouse, 1501 N. 6th St, Harrisburg, PA 17102 and serve a copy on the movant and movant's attorney, if one is designated.

If you file and serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified.  If you do not file an objection within the time permitted the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

Date:   March 5, 2026

Kara K. Gendron, Esquire
Attorney ID #87577
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
| SHAWN DOUGLAS ZERBE | : | |
| | : | CASE NO. 1:23-bk-01439 |
| CRESSON JANE ZERBE | : | |
| Debtors | : | ☐ ORIGINAL PLAN |
| | : | |
| | : | ☑ 3rd AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**
      1. To date, the Debtor paid $25,369.99 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $26,337.99, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/2023 | 1/2026 | $ | $ | | $15,730.00 |
| 2/2026 | 2/2026 | $9,155.99 (insurance proceeds) | $ | | $9,155.99 |
| 4/2026 | 6/2026 | $484 x 3 | $ | | $1,452.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $26,337.99 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

☐ Debtor is over median income. Debtor calculates that a minimum of $0 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $450.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.

☑ No assets will be liquidated. If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2. SECURED CLAIMS**

A. **Pre-Confirmation Distributions**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **CHRYSLER CAPITAL** | **2023 Jeep Wrangler Willies** | 1054 |
| **LEXINGTON WOODS HOA** | **162 Lexington Court, Harrisburg, PA 17112** | |
| **PENNYMAC LOAN SERVICES LLC** | **162 Lexington Court, Harrisburg, PA 17112** | 2084 |

**C**. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **CHRYSLER CAPITAL** | **2023 Jeep Wrangler Willies** | Per allowed proof of claim $ 0 estimated | | Per allowed proof of claim |
| **PENNYMAC LOAN SERVICES LLC** | **162 Lexington Court, Harrisburg, PA 17112** | Per allowed proof of claim $ 0 estimated | | Per allowed proof of claim |
| **WEST HANOVER TWP** | **162 Lexington Court, Harrisburg, PA 17112** | Per allowed proof of claim $366.40 estimated | | Per allowed proof of claim |
| **HUD** | **162 Lexington Court, Harrisburg, PA 17112** | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D**. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

    1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

    2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised,

then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **ONEMAIN** | **2018 Jeep Cherokee Trail Hawk grey** | | | Trustee to pay claim in full with insurance proceeds |
| | | | | |
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*
☑     None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.
**F. Surrender of Collateral**. *Check one.*

☑     None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☑     None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**
**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
2. Attorney's fees. Complete only one of the following options:
a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of  $4,500.00 plus $600 for the 3rd amended plan   in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).
3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☑   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, certain Domestic Support Obligations**
Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines*.

   ☑   If "None" is checked, the rest of § 3.C need not be completed or reproduced.

## 4. UNSECURED CLAIMS

**A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☑   None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   **B.**      **All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines*.

   ☑   None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

## 6. VESTING OF PROPERTY OF THE ESTATE.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
¨ plan confirmation.
☐ entry of discharge.
☑ closing of case:

## 7. DISCHARGE: (Check one)
þ The debtor will seek a discharge pursuant to § 1328(a).
¨ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:      Adequate protection payments.
Level 2:      Debtor's attorney's fees.
Level 3:      Domestic Support Obligations.
Level 4:      Secured claims, pro rata.
Level 5:      Priority claims, pro rata.
Level 6:      Specially classified unsecured claims.
Level 7:      General unsecured claims.
Level 8:      Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

## 9. NONSTANDARD PLAN PROVISIONS
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)** NONE

/s/ Kara K. Gendron

_____
Kara K. Gendron
Attorneys for Debtor(s)

/s/　Shawn Douglas Zerbe
Debtor


　/s/　　Cresson Jane Zerbe
Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                    :    **CHAPTER 13**
**SHAWN DOUGLAS ZERBE**                   :
                                          :    **CASE NO. 1:23-bk-01439**
**CRESSON JANE ZERBE**                    :
                                          :
  **Debtor(s)**                           :
                                          :

## CERTIFICATE OF MAILING

The undersigned paralegal  in the office of:

MOTT & GENDRON LAW,  125 STATE STREET, HARRISBURG, PA 17101 hereby certifies

that a copy of the foregoing document(s) was mailed today to all parties named on the mailing

matrix attached hereto electronically or by regular first class mail.

Dated: March 5, 2026

Signed /s/ Daniella Higgins

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0314-1<br>Case 1:23-bk-01439-HWV<br>Middle District of Pennsylvania<br>Harrisburg<br>Mon Feb 2 17:49:24 EST 2026 | Santander Consumer USA Inc. dba Chrysler Cap<br>P.O. Box 961275<br>Fort Worth, TX 76161-0275 | United States Trustee<br>US Courthouse<br>1501 N. 6th St<br>Harrisburg, PA 17102-1104 |
| West Hanover Township Water & Sewer Authorit<br>West Hanover Township Water & Sewer Auth<br>7901 Jonestown Road<br>Harrisburg, PA 17112-9728 | U.S. Bankruptcy Court<br>Sylvia H. Rambo US Courthouse<br>1501 N. 6th Street<br>Harrisburg, PA 17102-1104 | AVANT<br>222 N LASALLE STREET<br>CHICAGO, IL 60601-1003 |
| BUREAU OF ACCOUNT MGMT<br>3607 ROSEMONT AVE STE 502<br>PO BOX 8875<br>CAMP HILL, PA 17001-8875 | CALDWELL & KEARNS<br>3631 NORTH FRONT STREET<br>HARRISBURG, PA 17110-1500 | CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p<br>PO BOX 30285<br>SALT LAKE CITY, UT 84130-0285 |
| CARSON SMITHFIELD LLC<br>PO BOX 660702<br>DALLAS, TX 75266-0702 | CB/TORRID<br>BANKRUPTCY NOTICES<br>PO BOX 182125<br>COLUMBUS, OH 43218-2125 | CCB/ZALES<br>PO BOX 182120<br>COLUMBUS, OH 43218-2120 |
| CHRYSLER CAPITAL<br>ATTN BANKRUPTCY DEPT<br>PO BOX 961278<br>FORT WORTH, TX 76161-0278 | CHRYSLER CAPITAL<br>P.O. BOX 961275<br>FORT WORTH, TX 76161-0275 | COLLINS ASSET GROUP LLC<br>5725 HWY 290 W, STE 103<br>AUSTIN, TX 78735-8722 |
| COLLINS ASSET GROUP LLC<br>PO BOX 163614<br>AUSTIN, TX 78716-3614 | COLLINS ASSET GROUP, LLC<br>BASS & ASSOCIATES, P.C.<br>3936 E. FT. LOWELL ROAD, SUITE #200<br>TUCSON, AZ 85712-1083 | COMM OF PA DEPT OF REVENUE<br>BUREAU OF COMPLIANCE<br>PO BOX 280946<br>HARRISBURG, PA 17128-0946 |
| (p)CREDIT CONTROL LLC<br>ATTN CORRESPONDENCE<br>3300 RIDER TRAIL S<br>SUITE 500<br>EARTH CITY MO 63045-1338 | CREDITONE BANK<br>CUSTOMER BILLING AND CORRESPONDENCE<br>PO BOX 98873<br>LAS VEGAS, NV 89193-8873 | Capital One N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| DL EVANS BANK CORPORATE HQ<br>PO BOX 1188<br>375 N OVERLAND AVENUE<br>BURLEY, ID 83318-3432 | FEB DESTINY<br>15220 NW GREENBRIER<br>BEAVERTON, OR 97006-5744 | FEDLOAN<br>PO BOX 69184<br>HARRISBURG, PA 17106-9184 |
| FINWISE/LL<br>11 BROADWEAY STE 1732<br>NEW YORK, NY 10004-1312 | INTERNAL REVENUE SERVICE - CIO<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | KOHLS/CAPONE<br>COLLECTION DEPARTMENT<br>PO BOX 3084<br>MILWAUKEE, WI 53201-3084 |
| (p)LENDINGPOINT LLC<br>1201 ROBERTS BLVD<br>STE 200<br>KENNESAW GA 30144-3612 | LENDING POINT COLLECTIONS<br>JAMES HOLDER, DIRECTOR<br>1201 ROBERTS BLVD, STE 200<br>KENNESAW, GA 30144-3612 | LEXINGTON WOODS HOA<br>TREASURER<br>184 LEXINGTON COURT<br>HARRISBURG, PA 17112-4948 |

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MADDEN & GILBERT PHYSICAL THERAPY
5425 JONESTOWN ROAD, STE 100
HARRISBURG, PA 17112-4086

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

MERRICK BANK COURT NOTICES
PO BOX 9201
OLD BETHPAGE, NY 11804-9001

MIDLAND CREDIT MANAGEMENT, INC
BK NOTICES
350 CAMINO DE LA REINA, STE 100
SAN DIEGO, CA 92108-3007

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

NATIONAL RECOVERY AGENCY
2491 PAXTON STREET
HARRISBURG, PA 17111-1036

OIP
3399 TRINDLE ROAD
CAMP HILL, PA 17011-2286

ONEMAIN FINANCIAL ATTN: BK NOTICES
PO BOX 3251
EVANSVILLE, IN 47731-3251

PATENAUDE & FELIX, APC
2400 ANSYS DRIVE, STE 402-B
CANONSBURG, PA 15317-0403

PENN STATE HEALTH - CERNER
PO BOX 829725
PHILADELPHIA, PA 19182-9725

PENN STATE HEALTH HMC
ATTN: PATIENT FINANCIAL SERVICES
MC A410 PO BOX 853
HERSHEY, PA 17033

PENNYMAC LOAN SERVICES LLC
6101 CONDOR DRIVE, STE 310
MOORPARK, CA 93021-2602

PENNYMAC LOAN SERVICES, LLC
P.O. Box 2410
Moorpark, CA 93020-2410

Quantum3 Group LLC as agent for
Crown Asset Management LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
MOMA Trust LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Velocity Investments LLC
PO Box 788
Kirkland, WA  98083-0788

RESURGENT CAPITAL SERVICES
CORRESPONDENCE
PO BOX 10497
GREENVILLE, SC 29603-0497

SYNCB/AMAZON
PO BOX 965015
ORLANDO, FL 32896-5015

TARGET/TD
PO BOX 673
MINNEAPOLIS, MN 55440-0673

TBOM/MILSTNE
PO BOX 8099
NEWARK, DE 19714-8099

(p)US DEPARTMENT OF HOUSING & URBAN DEVELOPME
ATTN OFFICE OF REGIONAL COUNSEL
801 MARKET STREET 12TH FLOOR
PHILADELPHIA PA 19107-3126

(p)DEPARTMENT OF LABOR & INDUSTRY
ATTN OFFICE OF CHIEF COUNSEL
651 BOAS STREET 10TH FLOOR
HARRISBURG PA 17121-0751

UNEMPL COMP TAX MATTERS
HARRISBURG CASES L&I OFF CHIEF COUNSEL
651 BOAS STREET 10TH FLOOR
HARRISBURG, PA 17121-0751

(p)UPGRADE  INC
2 N CENTRAL AVE
10TH FLOOR
PHOENIX AZ 85004-4422

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

WEST HANOVER TWP SEWER AUTHORITY
PO BOX 723
BLOOMSBURG, PA 17815-0723

West Hanover Township Water & Sewer Authorit
7901 Jonestown Road
Harrisburg, PA 17112-9728

Cresson Jane Zerbe
162 Lexington Court
Harrisburg, PA 17112-4948

Dorothy L Mott
Mott & Gendron Law
125 State Street
Harrisburg, PA 17101-1025

```
(p)JACK N  ZAHAROPOULOS              Kara Katherine Gendron          Shawn Douglas Zerbe
ATTN CHAPTER 13 TRUSTEE              Mott & Gendron Law             162 Lexington Court
8125 ADAMS DRIVE SUITE A            125 State Street               Harrisburg, PA 17112-4948
HUMMELSTOWN PA 17036-8625          Harrisburg, PA 17101-1025
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
CREDIT CONTROL, LLC                 LENDING POINT                  U.S. Department of Housing and Urban Develop
3300 RIDER TRAIL S, STE 500        1701 BARRETT LAKE BLVD         100 Penn Square East, 11th Floor
EARTH CITY, MO 63045               KENNESAW, GA 30144             Philadelphia, PA 19107-3380


UNEMP COMP OVERPAYMENT MATTERS      UPGRADE INC                    US Department of Education/MOHELA
DEPT OF L&I - OFFICE OF CHIEF COUNSEL  2 NORTH CENTRAL AVE, 10TH FL  633 Spirit Drive
651 BOAS STREET 10TH FLOOR         PHOENIX, AZ 85004              Chesterfield MO 63005
HARRISBURG, PA 17121


Jack N Zaharopoulos
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)PENNYMAC LOAN SERVICES, LLC      End of Label Matrix
                                    Mailable recipients    62
                                    Bypassed recipients     1
                                    Total                  63
```